UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LESLEY DEY,                                     )
                                                )
                    Plaintiff,                  )
                                                )
v.                                              )        No.:    3:20-CV-289-KAC-JEM
                                                )
SUBARU OF AMERICA, INC.,                        )
                                                )
                    Defendant.                  )

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court are (1) Defendant's "Motion for Summary Judgment" [Doc. 23], Plaintiff's "Response to Defendant Subaru of America Inc's Motion for Summary Judgement [sic]" [Doc. 54], and Defendant's "Reply in Support of its Motion for Summary Judgment" [Doc. 64] and (2) Plaintiff's "Motion to Amend Complaint" [Doc. 71] and Defendant's "Response to Plaintiff's Motion to Amend Complaint" [Doc. 73]. Because permitting Plaintiff to amend her Complaint at this stage in the litigation would be improper, prejudicial, and futile, the Court **DENIES** Plaintiff's "Motion to Amend Complaint" [Doc. 71]. And because Plaintiff has failed to demonstrate a genuine dispute of material fact regarding Defendant's status as a statutorily-immune non-manufacturer "seller" under the Tennessee Products Liability Act, the Court **GRANTS** Defendant's "Motion for Summary Judgment" [Doc. 23].

## I.    Background

### A. Factual Background[1]

On August 25, 2012, Plaintiff Lesley Dey bought a 2012 Subaru Outback ("Outback") from Earl Duff Subaru, "an authorized independently owned Subaru retailer" in Tennessee [Docs. 1 ¶¶ 5, 7; 23-1 ¶¶ 4, 11]. Subaru Corporation "was responsible for the overall design, development, and testing of the" Outback [Doc. 23-1 ¶ 5]. Subaru of Indiana Automotive, Inc. "was responsible for the final assembly of the" Outback [*Id.* ¶ 6]. And Defendant "distributed" the Outback to Earl Duff Subaru "for further sale" [*Id.* ¶ 11]. Defendant did not "design or manufacture" the Outback; nor did it "exercise[] substantial control over any aspect of the design, testing, manufacture, packaging or labeling" of the Outback or "alter[] or modif[y] any aspect of the automatic transmission, gear shift control system or parking break system" of the Outback [*Id.* ¶¶ 7-9]. But Defendant "provided an express Limited Warranty" for the Outback at the time of sale [Doc. 23-1 ¶ 10]. This warranty "provid[ed] basic coverage for three years or 36,000 miles, whichever comes first, beginning when the vehicle is delivered to its first retail customer" [*Id.*].

More than five (5) years later, on December 4, 2017, the Outback allegedly "fail[ed]" "while placed in park for a minute or two on [a] slight incline" when it "suddenly rolled backwards toward the street" and "crash[ed] into a car port across the street," "dragg[ing]" Plaintiff "about 90 feet" [Docs. 54 at 2; 1 ¶¶ 11, 24]. The Outback was "in park" "with the engine off," but a passenger later "noticed the gear shift was . . . in neutral" [Doc. 1 ¶¶ 10, 12, 22]. Plaintiff was "injur[ed]" as a result [Docs. 1 ¶¶ 11, 24; 54 at 2].

---

[1] Because Defendant moved for summary judgment, the Court describes the facts in the light most favorable to Plaintiff. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

## B. Procedural Background

On June 28, 2020, Plaintiff, who was then represented by counsel, filed a Complaint against Subaru of America, Inc.[2] "for all viable causes of action under the Tennessee Products Liability Act [of 1978 ("TPLA")]," Tenn. Code Ann. § 29-28-101, *et seq.* [Doc. 1 at 6]. Plaintiff did not specifically identify which cause of action under the TPLA she asserted [*See generally id.*]. On September 28, 2021, the deadline for any Party to amend any pleading passed [Doc. 21 at 2]. Defendant filed a "Motion for Summary Judgment" on December 13, 2021 [Doc. 23], asserting that it is immune under the TPLA "irrespective of any factual disputes pertaining to issues of liability" [*See* Docs. 25 at 7; 64 at 3-4]. Plaintiff did not timely respond to Defendant's motion. Thereafter, Plaintiff decided to proceed pro se, [*see* Doc. 48], and filed a "Motion for Extension of Time to Respond" [Doc. 59]. The Court granted Plaintiff's pro se motion "based on the unique circumstances of this case," [Doc. 63 at 1], and subsequently received Plaintiff's Response [Doc. 54], and Defendant's Reply [Doc. 64].

On September 9, 2022, Plaintiff filed a pro se "Motion to Amend Complaint" [Doc. 71], asserting that "[t]he original complaint should have also named her husband" as a plaintiff [*Id.* at 1]. Plaintiff also asserts that the "injuries caused from the crash" have caused her to "sleep[] in a different room than her husband," which has resulted in a "loss of consortium" that "has changed the marriage irreversibly" [*Id.* at 1-2]. Defendant opposed Plaintiff's motion because Plaintiff (1) cannot demonstrate good cause under Federal Rule of Civil Procedure 16(b) and (2) cannot "show that the amendment is appropriate" under Federal Rule of Civil Procedure 15(a) [Doc. 73 at 1].

---

[2] The Complaint lists "Subaru of North America, Inc." as the defendant in this action, [Doc. 1 at 1], but in its Answer, Subaru of America, Inc. identified the proper name of the entity, [Doc. 12 at 1].

## II.    Plaintiff's Motion to Amend Complaint

Liberally construing Plaintiff's "Motion to Amend Complaint" [Doc. 71], it appears that she seeks to (1) add her husband as a Plaintiff in this action and (2) assert a loss of consortium claim on his behalf[3] [*See* Doc. 71 at 2].   However, the amendment she seeks would not be appropriate at this stage in the litigation.

"Once the scheduling order's deadline passes, a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b).  A party "can demonstrate 'good cause' for their failure to comply with the original schedule[] by showing that despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907.  As part of this inquiry, the Court also considers "possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

Here, Plaintiff cannot demonstrate good cause to allow a late-filed amended complaint nearly one (1) year after the deadline because she failed to act with diligence and permitting an amended complaint at this stage in the litigation would prejudice Defendant. *See Leary*, 349 F.3d at 907; *Inge*, 281 F.3d at 625.  Plaintiff waited nearly a year after the deadline to file this motion. During this period, she knew of her husband's potential claim [*See* Doc. 71 at 1 ("The original complaint should have also named her husband . . . as plaintiff at #1 of that complaint.")].  She

---

[3] Plaintiff failed to "attach a copy of the proposed amended pleading" to her motion in violation of this Court's local rules, which alone is grounds to deny the motion to amend.  *See* E.D. Tenn. L.R. 15.1 ("A failure to comply with this rule may be grounds for denial of the motion").

4

thus did not act diligently in seeking to file an amended complaint. *See Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003) (affirming denial of leave to amend complaint where plaintiff waited approximately one year after discovery closed). And permitting an amended complaint at this stage would prejudice Defendant by potentially requiring a second round of dispositive motions related to Plaintiff's husband's claim. *See Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925, 934 (6th Cir. 2020) (finding a proposed amended complaint containing additional legal theories filed after the deadline for discovery and dispositive motions had passed prejudicial).

But even if Plaintiff could establish good cause under Rule 16, she has failed to demonstrate that justice requires the Court to grant her leave under Rule 15. Rule 15(a)(2) provides that "the court's leave" is required for Plaintiff to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) also instructs that the Court "should freely give leave **when justice so requires**." *Id.* (emphasis added); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But justice does not require the Court to grant leave to amend if the amendment would be futile. *See Foman*, 371 U.S. at 182. An amendment is futile where it "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins.*, 203 F.3d 417, 420 (6th Cir. 2000). For the reasons discussed below, the Court grants Defendant's Motion for Summary Judgment based on TPLA statutory immunity, and that same rationale would apply if Plaintiff's husband were an additional Plaintiff in her existing claim. Moreover, to the extent Plaintiff seeks to bring an additional loss of consortium claim on her husband's behalf, that claim would be barred by Tennessee's one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104. A loss of consortium claim "is a separate cause of action independent of the spouse's right to recover for injuries." *Hudson v. State Farm Mut. Auto Ins.*, No. 12-CV-83, 2012 WL 5744774, at *5 (E.D. Tenn. Oct. 23, 2013). The cause of action "accrues on the date of injury," or "at the loss." *See Roberts v. Berry*, 541 F.2d 607, 610

5

(6th Cir. 1976); *In re Aredia*, No. 6-MD-1760, 2010 WL 3782109, at *2 (M.D. Tenn. Sept. 22, 2010). Here, Plaintiff asserts that "since the crash" on December 4, 2017, she has "sle[pt] in a different room than her husband" [Doc. 71 at 1]. Thus, any loss of consortium claim on behalf of Plaintiff's husband would fall well beyond the one-year statute of limitations and is time-barred. *See Roberts*, 541 F.2d at 610. And amending Plaintiff's Complaint would be futile. *See Rose*, 203 F.3d at 420. Accordingly, the Court denies Plaintiff's "Motion to Amend Complaint" [Doc. 71].

### III.  Defendant's Motion for Summary Judgment

As to Plaintiff's operative Complaint, Defendant asserts that the undisputed facts show that it is immune from suit under the TPLA [Doc. 23]. Specifically, Defendant asserts that it is a non-manufacturer "seller" that is entitled to immunity under the TPLA and that no exception to the TPLA's "seller" immunity applies [*Id.* at 4; Doc. 25 at 4]. Plaintiff does not dispute Defendant's status as a non-manufacturer "seller" [Doc. 54 at 2, 4]. Rather, Plaintiff argues that Defendant's Motion and corresponding exhibits are "irrelevant" and that "[t]he fault" in the Outback "was not in design, manufacture, or assembly" but could have been prevented by Defendant "through its after sales service" [*Id.* at 1-2].

Under Federal Rule of Civil Procedure 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the non-moving party and make all reasonable inferences that can be drawn from those facts. *Matsushita*, 475 U.S. at 587; *Nat'l Satellite Sports*, 253 F.3d at 907. The moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden, the non-moving party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there

6

is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita*, 475 U.S. at 586); *see also* Fed. R. Civ. P. 56(c)(1).

A non-moving party's status as a pro se litigant does not lessen her burden under Rule 56. *See Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010). A pro se party, like any other non-moving party at the summary judgment stage, "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). "If a party fails to . . . properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion [and/or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

The Parties agree that Tennessee law applies to Plaintiff's claim here [*See* Docs. 1 ¶ 25; 25 at 6 ("[Defendant] does not dispute that Tennessee law applies.")]. The TPLA provides several "[p]roduct liability action[s]," including, among others, "all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture . . . of any product." Tenn. Code Ann. § 29-28-102(6). The TPLA specifically permits "negligence" causes of action against "a manufacturer or seller." *Id.* at §§ 29-28-102(6), 29-28-103(a). A "manufacturer" is "the designer, fabricator, producer, compounder, processor or assembler of any product or its component parts." *Id.* at § 29-28-102(4). A "seller" is, in pertinent part, "a retailer, wholesaler, or ***distributor***, and means any individual or entity engaged in the business of selling a product, whether such sale is for resale, or for use or consumption." *Id.* at § 29-28-102(7) (emphasis added).

7

However, the TPLA provides that "[n]o product liability action . . . shall be commenced or maintained against any seller, other than the manufacturer," unless an enumerated exception applies. *Id.* at § 29-28-106. A product liability action may lie where (1) the seller "exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the alleged harm"; (2) the seller "[a]ltered or modified the product, and the alteration or modification was a substantial factor in causing the harm"; (3) the seller "gave an express warranty" under a provision of Tennessee law that allows a party to sue under the warranty; (4) "the manufacturer or distributor of the product . . . is not subject to service of process" in Tennessee, or (5) "the manufacturer has been judicially declared insolvent." Tenn. Code Ann. § 29-28-106(1)-(5); *see also* Tenn. Code Ann. § 47-2-725(1), (2) (establishing a four-year statute of limitations period for a breach of warranty action that begins to run "when tender of delivery is made"). A party that fails to set forth specific facts showing that one (1) of the TPLA's five (5) exceptions to immunity for a non-manufacturer seller cannot survive a motion for summary judgment. *See, e.g.*, *Woods v. Tom Williams BMW*, No. 18-CV-1110, 2019 WL 5866077, at *3-4 (W.D. Tenn. Nov. 8, 2019) (granting summary judgment where defendant presented facts that it "imported and distributed"—"but did not manufacture"—a car and plaintiff neither contested defendant's status nor "adduced [any] evidence to show any of the TPLA's exceptions" apply); *Cone v. Hankook Tire Co., Ltd.*, No. 14-1122, 2016 WL 7383731, at *3 (W.D. Tenn. Dec. 20, 2016) (same).

As an initial matter, Plaintiff's Complaint does not identify the particular cause of action she seeks to allege under the TPLA. Rather, Plaintiff purports to assert "all viable causes of action" under the TPLA [*See* Doc. 1 ¶ 25]. This sweeping statement does not comply with the pleading requirements of Rule 8. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that state a claim for relief must

8

contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). But, construing her Complaint liberally, she does allege that Defendant "*negligently manufactured*, constructed, designed, formulated, prepared, assembled, tested, warned, marketed, and distributed" the Outback, and "as a direct and proximate cause of [Defendant's] *negligence*," the Outback injured Plaintiff [*Id.* at 5-6 (emphases added)]. Thus, it appears that Plaintiff intends to raise a single cause of action for negligence under the TPLA.[4]

Here, even viewed in the light most favorable to Plaintiff, the undisputed facts show that Defendant is a non-manufacturer "seller" under the TPLA that is immune from liability. Defendant is not a "manufacturer" because it did not design, produce, compound, process, or assemble the Outback or any of "its component parts" [*See* Doc. 23-1 ¶¶ 5-11]. *See* Tenn. Code. Ann. § 29-28-102(4). Rather, Defendant is a "distributer" that "distributed" the Outback "for further sale" at Earl Duff Subaru [Doc. 23-1 ¶¶ 7, 11]. Plaintiff has not contested any of these facts [*See generally* Doc. 54 at 1]. Under the TPLA, the definition of "seller" includes a "distributor." *See* Tenn. Code Ann. § 29-28-102(7).

Moreover, none of the five (5) exceptions for non-manufacturer seller immunity under the TPLA apply here. Defendant has neither "exercised substantial control" over the portion of the Outback "that caused the alleged harm" nor "[a]ltered or modified" the Outback [*See* Doc. 23-1 ¶¶ 8-9]. *See* Tenn. Code Ann. § 29-28-106(1), (2). Plaintiff's bare assertion that Defendant's "after sales service" could have prevented the Outback's failure are unsubstantiated and

---

[4] Even if the Court construed Plaintiff's Complaint as asserting "all viable causes of action" under the TPLA, the Court's analysis would not change. Plaintiff has failed to meet her burden to "set forth specific facts showing that there is a genuine issue for trial" regarding Defendant's status as a statutorily-immune non-manufacturer seller under any TPLA cause of action. *See Matsushita*, 475 U.S. at 586 n.11.

9

insufficient to create a genuine dispute of material fact as to the applicability of these exceptions. *See Moldowan*, 578 F.3d at 374. Further, although Defendant provided an "express Limited Warranty" for the Outback in 2012, the warranty only "provid[ed] basic coverage" for a period of "three years or 36,000 miles" "beginning when the vehicle is delivered" [Docs. 23-1 ¶ 10; 25 at 3-4]. Because the limited warranty did not "explicitly extend[] to future performance," the statute of limitations for any warranty claim expired well before Plaintiff filed this lawsuit in 2020 [*See* Doc. 23-1 ¶ 10]. *See* Tenn. Code Ann. § 47-2-725(1), (2); *Greene v. Mercedes-Benz, USA*, No. 18-CV-139, 2020 WL 523996, at *4 (E.D. Tenn. Jan. 31, 2020) (Limited Warranty covering repairs or replacements "for a period of 48 months or 50,000 miles from the original date of delivery" did not extend to future performance). And the facts before the Court reflect that "manufacturer[s]" Subaru Corporation and Subaru of Indiana Automotive, Inc. could be served in Tennessee based on their specific connection to the Outback and that neither has "been judicially declared insolvent" [*See* Doc. 25 at 9-10]. Plaintiff has not disputed these facts, so the Court considers them undisputed. *See* Fed. R. Civ. P. 56(e); *see also Woods*, 2019 WL 5866077, at *3 ("Plaintiff has adduced no evidence to show any of the TPLA's exceptions to the limitation on seller liability applies in this instance."). Because there are no genuine disputes of material fact regarding (1) Defendant's status as a non-manufacturer "seller" under the TPLA and (2) the applicability of any exception to the TPLA's broad grant of immunity for a non-manufacturer "seller," Defendant is entitled to judgment as a matter of law. *See Woods*, 2019 WL 5866077, at *3-4; *Cone*, 2016 WL 7383731, at *3. Accordingly, the Court grants Defendant's "Motion for Summary Judgment" [Doc. 23].

**IV.     Conclusion**

For the reasons set forth in this Memorandum Opinion and Order, the Court **DENIES** Plaintiff's "Motion to Amend Complaint" [Doc. 71] and **GRANTS** Defendant's "Motion for Summary Judgment" [Doc. 23].  There are no remaining claims in this action.  An appropriate judgment shall enter.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

11